**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-cv-62041-BLOOM

GEDEON JOSEPH,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record after this case was transferred to the undersigned and upon *pro se* Petitioner Gedeon Joseph's Motion for Extension of Time to Reply and Motion to Appoint Counsel, ECF No. [9] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised.

First, with regard to Petitioner's request for additional time to file a reply to the Order to Show Cause in this case, *see* ECF No. [4], the Court notes that the request for an extension was postmarked on December 18, 2020, and was filed on this Court's docket on January 12, 2021, *see* ECF No. [9]. Further, although Petitioner has not submitted any reply in the interim, he has submitted numerous filings questioning the status of his case. *See* ECF Nos. [10] & [11]. In light of these inquiries, the Court believes that one additional extension is warranted, and the Motion is therefore granted with respect to this issue. Petitioner may submit a reply, if any, to the Order to Show Cause, **by no later than June 18, 2021**. No further extensions will be granted absent extraordinary circumstances.

Case No. 20-cv-62041-BLOOM

Next, the Court addresses Petitioner's request for appointment of counsel. A plaintiff has no constitutional right to counsel in a civil case, and the decision to appoint counsel is within the Court's discretion. *Suggs v. United States*, 199 F. App'x 804, 807 (11th Cir. 2006). Indeed, counsel should only be appointed in "exceptional circumstances." *Id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)). Exceptional circumstances exist when there are "facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quoting *Poole v. Lambert*, 819 F.2d 1025,1028 (11th Cir. 1987)) (quotations and alteration omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Suggs*, 199 F. App'x at 807 (quoting *Kilgo*, 983 F.2d at 193).

After careful review of the record in this case, the Court does not find that Petitioner's claims present such exceptional circumstances that counsel should be appointed. Therefore, Petitioner's Motion is granted as it relates to his request for counsel. Nevertheless, this case shall be referred to the Volunteer Attorney Program, where a volunteer attorney may accept the representation on a *pro bono* basis, if they so desire.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion, **ECF No. [9]**, is **GRANTED in part and DENIED in part**. Petitioner may submit a reply to the Order to Show Cause, **by no later than June 18, 2021**. Any such reply must be received by the Clerk of Court and filed on the public docket by the stated deadline and no late submissions will be accepted. In other words, Petitioner must, in accordance with the mailbox rule, ensure that he prepares, signs, and hands his reply documents to prison authorities for filing with sufficient time so that it reaches this Court on or before the scheduled due date.

Case No. 20-cv-62041-BLOOM

This case is **REFERRED** to the Court's Volunteer Attorney Program, where a volunteer attorney may accept the representation on a pro bono basis if so desired. The Clerk of Court is directed to post Petitioner's contact information and the case description below on the Court's website of available *pro bono* cases seeking volunteer lawyers. If the representation is accepted, the volunteer attorney shall enter an appearance in the case and thereafter will be eligible for reimbursement of reasonable litigation expenses pursuant to the Court's Reimbursement Guidelines for Volunteer Counsel.

The Clerk of Court is **DIRECTED TO POST** the following case description:

Petitioner Gedeon Joseph has filed a habeas petition under 28 U.S.C. § 2255 challenging the constitutionality of his convictions and sentences for conspiracy to commit Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence, which were entered following a guilty plea in Case No.19-cr-60055-UU-2. Petitioner argues that he was denied effective assistance of counsel because (1) his counsel failed to provide him with any discovery during his case and (2) his attorney failed to present any argument challenging Petitioner's convictions or sentences based on *United States v. Davis*, 139 S. Ct. 2319 (2019).

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 2, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Gedeon Joseph
71698-018
Gilmer Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 6000
Glenville, WV 26351